IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENYETTA WILKERSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| OVERMEYER, et al. | : | NO. 22-3952 |

### REQUEST TO AMENDED PETITION UNDER 28 U.S.C. §2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

AND NOW, this 5th day of January 2024, pursuant to the Court's Order of August 30, 2023, Counsel for Petitioner avers following:

1. Counsel for Plaintiff has spoken with Counsel for Philadelphia District Attorney's Office Federal Litigation Unit and made arrangements for the sharing of information pertinent to the claims made in Petitioner's pro-se petition.

2. Counsel for Plaintiff has been researching legal issues involving requests made in Plaintiff's petition.

3. Plaintiff may have meritorious arguments regarding state court issues from the investigation and prosecution of her underlying case.

4. Counsel for Philadelphia District Attorney's Office Federal Litigation Unit has provided after discovered evidence that may be relevant to motions and arguments that could be presented in state court.

5. Counsel for Petitioner was able to speak with Petitioner and discussed her various alternatives under 42 Pa.C.S.A §9543 (a)(2)(i, ii, iii, iv and vi).

6. Counsel informed Petitioner that she has one (1) year from the date that she discovered the new evidence to file a PCRA motion according to §9545 as well as her available options under 28 USC §2254.

7. Petitioner is requesting to amend her Petition filed pro se under 28 USC §2254 based upon new information that was disclosed by the defendant that existed under circumstances that were previously unknown to Petitioner and could not have been discovered by due diligence.

8. The law under 28 USC §2254(e) states:

> (1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
>
> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
> (A) the claim relies on—
> …
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

9. On August 22, 2023, the Respondents filed a Motion for Appointment of Counsel and to Stay Briefing Schedule in which they state in paragraphs 4 and 5 the following:

   a. Defendant gave her confession to Officers Micah Spotwood and Edward Tolliver, meeting with Officer Tolliver alone for 2 hours.

   b. During review for the previously filed habeas, Respondents discovered a police misconduct disclosure related to Officer Tolliver wherein it was determined that Officer Tolliver had physically assaulted someone after being called to the scene of a domestic assault.

  c.  The investigation also noted unnecessary escalation and that detectives present at the scene did not properly document the injuries that Officer Tolliver's use-of-force caused.

  d.  Petitioner did claim in her direct appeal that her confession was coerced, however, she did not have the evidence of Officer Tolliver's police misconduct disclosure as it had not been disclosed in discovery.

  e.  Also during Respondent's review of the file in response to Petitioner's 2245 filing, Respondent discovered the existence of a note in the police file that states, 'Corey stabbed Kendra.' The victim's name in Petitioner's case is Kendra Burton. Paragraph 6 of Respondent's filing also states that the file does not show any attempt to locate 'Corey.' This information was disclosed for the first time in paragraph 6 of the August 22, 2023 filing.

10. Counsel has spoken with Petitioner regarding her rights to pursue her previously argued issues as well as the after discovered evidence.

11. Petitioner has stated that she wishes to pursue these newly discovered evidence claims in state court and also amend her federal petition to include these issues.

12. Petitioner requests to amend her previously filed §2245 Petition to include the newly discovered evidence of her interrogator's misconduct and the newly discovered evidence regarding the previously undisclosed note in the police file.

13. Petitioner avers that none of this evidence could not have been previously discovered through the exercise of due diligence according to 28 USC §2254(e)(2)(A)(ii) and that the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but

for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 USC §2254(e)(2)(B).

14. Petitioner requests permission to amend the Petition further if any additional evidence is discovered after a careful review of all files in Respondent's control.

Respectfully Submitted,

*Maureen Coggins*

Date:  January 5, 2024

Maureen Coggins
Attorney for Petitioner

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENYETTA WILKERSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| OVERMEYER, et al. | : | NO. 22-3952 |

**ORDER**

1.    AND NOW, this            day of                 2024, it is hereby ORDERED that the habeas petition may be amended.

2. The case shall remain in Civil Suspense and closed for statistical purposes.

3. Petitioner shall inform the court whether it is necessary for this case to be re-opened.

BY ORDER OF THE COURT

_____
CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Request to Amended Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody was served this 5th day of January 2024, via ECF, upon the following:

Katherine Ernst
Assistant District Attorney
Federal Litigation Unit
Philadelphia District Attorney's Office
Philadelphia, PA

*Maureen Coggins*
MAUREEN COGGINS
Attorney for Petitioner