IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KENYETTA WILKERSON : CIVIL ACTION
:
:
v. :
:
:
OVERMEYER, et al. : NO. 22-3952

## **ORDER**

AND NOW, to wit, this  day of January, 2024 upon consideration of Defendant Kenyetta Wilkerson's Motion to Amend Petition, it is HEREBY ORDERED that Defendant's Motion is GRANTED.

.

BY THE COURT:

_____
J.

|                         |   |               |
|-------------------------|---|---------------|
| KENYETTA WILKERSON      | : | CIVIL ACTION  |
|                         | : |               |
|                         | : |               |
| v.                      | : |               |
|                         | : |               |
|                         | : |               |
| OVERMEYER, et al.       | : | NO. 22-3952   |

## PETITIONER'S MOTION TO AMEND PETITION

TO THE HONORABLE JUDGE CAROL SANDRA MOORE WELLS, THE JUDGE OF SAID COURT:

The Petitioner, Kenyetta Wilkerson, by and through her attorney, Maureen Coggins, Esquire, hereby asks the Court to GRANT Petitioner's Motion to Amend Petition and respectfully represents the following:

1. That the defendant is an adult individual currently serving a sentence in SCI Cambridge Springs for her conviction on third degree murder charges.
2. On April 21, 2014, Petitioner pled guilty in the Philadelphia Court of Common Pleas to one count of third-degree murder and one count of possession of an instrument of crime.
3. On the same day, Petitioner was sentenced to a term of imprisonment of twenty-two and a half to forty-five years.
4. Petitioner requested that her counsel file a direct appeal, however, counsel did not do so.
5. On October 16, 2016, Petitioner filed a motion in Philadelphia Court of Common Pleas to compel discovery.
6. On July 12, 2019, the court denied Petitioner's Motion to Compel Transcripts, Discovery and Documents.
7. On September 4, 2019, Petitioner again filed a Motion to Compel Discovery which was denied on September 13, 2019.

8. On February 21, 2020, Petitioner filed a Motion to Compel Production of Discovery of DNA and Biological Sample Evidence.
9. On February 24, 2020, the court denied the motion on the grounds that there were no proceedings pending before the court and the court was without the authority to grant the relief.
10. Petitioner filed a timely appeal with the Pennsylvania Superior Court which affirmed the denial of the PCRA court.
11. On January 28, 2021, Petitioner filed a pro se PCRA petition alleging the court erred by determining that her Motion to Compel DNA Testing was untimely and
12. The court appointed PCRA counsel who subsequently filed a Turner/Finley no-merit letter.
13. On September 17, 2021, the PCRA court dismissed Petitioner's PCRA petition.
14. On October 14, 2021, Petitioner filed an appeal alleging the court erred by not granting her motion for DNA testing and failing to award relief based on police misconduct and a resulting coerced confession.
15. On September 6, 2022, the Superior Court affirmed the PCRA court's dismissal of Petitioner's petition.
16. On October 4, 2022, Petitioner filed the present Petition for Relief under 28 USC §2254 alleging the following:
    a. Ineffective assistance of counsel that led to an unknowing and unintelligent guilty plea;
    b. Actual innocence;
    c. Guilty pleas was not knowingly or intelligently made; and
    d. Denial of DNA testing violated Petitioner's Right to prove actual innocence
17. Wendy Ramos, Esq. and Constance Clark, Esquire represented Petitioner for her guilty plea.
18. James Lloyd, Esq. represented Petitioner in his PCRA proceeding.
19. Petitioner requests to amend the petition to include the following grounds:

  a. After Petitioner filed her §2245 Petition, Respondents disclosed that a note alleging that someone else may have committed the murder was discovered in the police file; and

  b. After Petitioner filed her §2245 Petition, Respondents disclosed that they discovered a police misconduct disclosure note in the file wherein Philadelphia Police Internal Affairs Department sustained a finding that the officer who interviewed and took the alleged inculpatory statement from Petitioner physically assaulted someone after being called to the scene of a domestic assault. It was also noted that law enforcement at the scene of Officer Tolliver's physical assault 'did not properly document the injuries that Tolliver's use-of-force caused. ((Document 21)

20. Petitioner failed to develop the factual bases alleged in paragraph 19 because a factual predicate that could not have been previously discovered through the exercise of due diligence and the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 2245(e)(2)(a)(ii) and (B).

21. As such, Petitioner requests the opportunity to present these claims during an evidentiary hearing before the Court.

22. Petitioner requests leave to amend and/or supplement this Motion as further information is discovered.

  WHEREFORE, the defendant respectfully requests this Honorable Court to Grant Petitioner's Motion to Amend Petitioner's previously filed §2245 Petition.

Respectfully submitted,

*Maureen Coggins*
Maureen Coggins, Esquire
Attorney for Petitioner
Attorney I.D. No.: 67126
509 Swede Street
Norristown, PA 19401
(610) 721-2725

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Petitioner's Motion to Amend Petitioner's previously filed §2245 Petition was served this 5th day of January 2024, via ECF, upon the following:

>Katherine Ernst
>Assistant District Attorney
>Federal Litigation Unit
>Philadelphia District Attorney's Office
>Philadelphia, PA

*Maureen Coggins*
MAUREEN COGGINS
Attorney for Petitioner