IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENYETTA WILKERSON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| OVERMEYER, et al. | : | NO. 22-3952 |

## **ORDER**

AND NOW, to wit, this     day of     , 2024 upon consideration of Defendant Kenyetta Wilkerson's Motion to Amend Petition and Stay Proceedings it is HEREBY ORDERED that Petitioner's Motion is GRANTED.

.

BY THE COURT:

_____
J

| | | |
|---|---|---|
| **KENYETTA WILKERSON** | : | **CIVIL ACTION** |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **OVERMEYER, et al.** | : | **NO. 22-3952** |

# MOTION TO AMENDED PETITION FOR WRIT OF HABEAS CORPUS BY A PRISONER IN STATE CUSTODY

MAUREEN COGGINS
Counsel for Petitioner
463 West Linden Street
Allentown, Pa 18101
(610) 721-2725

Dated: February 23, 2024

|       KENYETTA WILKERSON    | : | CIVIL ACTION |
|                             | : |              |
|                             | : |              |
|       v.                    | : |              |
|                             | : |              |
|                             | : |              |
|       OVERMEYER, et al.     | : | NO. 22-3952  |

# MOTION TO AMENDED PETITION FOR WRIT OF HABEAS CORPUS BY A PRISONER IN STATE CUSTODY

TO THE HONORABLE JUDGE CAROL SANDRA MOORE WELLS, THE JUDGE OF SAID COURT:

The Petitioner, Kenyetta Wilkerson, by and through her attorney, Maureen Coggins, Esquire, hereby asks the Court to GRANT Petitioner's Motion to Amend Petition and Stay Proceedings and respectfully represents the following:

1. That the defendant is an adult individual currently serving a sentence in SCI Cambridge Springs for her conviction on third degree murder charges.
2. On April 21, 2014, Petitioner pled guilty in the Philadelphia Court of Common Pleas to one count of third-degree murder and one count of possession of an instrument of crime.
3. On the same day, Petitioner was sentenced to a term of imprisonment of twenty-two and a half to forty-five years.
4. Petitioner requested that her counsel file a direct appeal, however, counsel did not do so.
5. On October 16, 2016, Petitioner filed a motion in Philadelphia Court of Common Pleas to compel discovery.
6. On July 12, 2019, the court denied Petitioner's Motion to Compel Transcripts, Discovery and Documents.
7. On September 4, 2019, Petitioner again filed a Motion to Compel Discovery which was denied on September 13, 2019.
8. On February 21, 2020, Petitioner filed a Motion to Compel Production of Discovery of DNA and Biological Sample Evidence.
9. On February 24, 2020, the court denied the motion on the grounds that

there were no proceedings pending before the court and the court was without the authority to grant the relief.

10. Petitioner filed a timely appeal with the Pennsylvania Superior Court which affirmed the denial of the PCRA court.

11. On January 28, 2021, Petitioner filed a pro se PCRA petition alleging the court erred by determining that her Motion to Compel DNA Testing was untimely.

12. The state court appointed PCRA counsel who subsequently filed a Turner/Finley no-merit letter.

13. On September 17, 2021, the PCRA court dismissed Petitioner's PCRA petition.

14. On October 14, 2021, Petitioner filed an appeal alleging the court erred by not granting her motion for DNA testing and failing to award relief based on police misconduct and a resulting coerced confession.

15. On September 6, 2022, the Superior Court affirmed the PCRA court's dismissal of Petitioner's petition.

16. On October 4, 2022, Petitioner filed the present Petition for Relief under 28 USC §2254 alleging the following:
    a. Ineffective assistance of counsel that led to an unknowing and unintelligent guilty plea;
    b. Actual innocence;
    c. Guilty pleas was not knowingly or intelligently made; and
    d. Denial of DNA testing violated Petitioner's Right to prove actual innocence.

17. Wendy Ramos, Esq. and Constance Clark, Esquire represented Petitioner for her guilty plea

18. James Lloyd, Esq. represented Petitioner in her prior PCRA proceeding.

19. Petitioner requests to amend the petition to include the following grounds:
    a. After Petitioner filed her §2245 Petition, Respondents disclosed that a note alleging that someone else may have committed the murder was

discovered in the police file; and

    b. After Petitioner filed her §2245 Petition, Respondents disclosed that they discovered a police misconduct disclosure note in the file wherein Philadelphia Police Internal Affairs Department sustained a finding that the officer who interviewed and took the alleged inculpatory statement from Petitioner physically assaulted someone after being called to the scene of a domestic assault. It was also noted that law enforcement at the scene of Officer Tolliver's physical assault 'did not properly document the injuries that Tolliver's use-of-force caused. ((Document 21)

20. Petitioner failed to develop the factual bases alleged in paragraph 19 because a factual predicate that could not have been previously discovered through the exercise of due diligence and the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 2245(e)(2)(a)(ii) and (B).

21. Petitioner alleges that the Commonwealth denied Petitioner her Constitutional rights to due process and a fair trial by failing to disclose an exculpatory document contained inside the investigator's file, specifically, a note that someone else may have committed the murder.

22. Petitioner avers that the failure by the Commonwealth to disclose the existence of the note and a copy of the note itself to the defense is a violation of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

23. Petitioner avers that there is a reasonable likelihood that the exculpatory note could have affected her decision to enter a guilty plea on the charges.

24. Petitioner avers that the suppression of the exculpatory evidence undermined

any knowing, intelligent or voluntary guilty plea to the charges.

25. As such, Petitioner requests the opportunity to present this claim during an evidentiary hearing before the Court.

26. Petitioner alleges that the Commonwealth denied Petitioner her Constitutional rights to due process and a fair trial by failing to disclose exculpatory impeachment evidence in violation of Brady v. Maryland, namely a police misconduct disclosure note in the file wherein Philadelphia Police Internal Affairs Department sustained a finding that the officer who interviewed and took the alleged inculpatory statement from Petitioner physically assaulted someone after being called to the scene of a domestic assault. It was also noted that law enforcement at the scene of the officer's physical assault 'did not properly document the injuries that [the officer's] use-of-force caused.'

27. Petitioner avers that the failure by the Commonwealth to disclose the existence of the police disclosure note and the facts surrounding the Internal Affairs investigation and findings to the defense is a violation of Brady v. Maryland.

28. Petitioner avers that the suppression of the impeachment evidence undermined any knowing, intelligent or voluntary guilty plea to the charges.

29. Petitioner avers that there is a reasonable likelihood that the exculpatory impeachment evidence could have affected her decision to enter a guilty plea on the charges.

30. Favorable impeachment evidence includes evidence that can be used to impeach the credibility of a prosecution witness or that can be used to challenge the prosecution's case. United States v. Bagley, 473 U.S. 667, 676 (1995); Giglio v. United States, 405 U.S. 150 (1972); Napue v. Illinois, 360 U.S. 264, 269 (1959); Wilson v. Beard, 589 F.3d 651, 659 (3d Cir. 2009). The rule requires disclosure of information actually known to the prosecution and

"all information in the possession of the prosecutor's office, the police, and others acting on behalf of the prosecution." <u>Wilson v. Beard</u>, at 659.

31. The suppression is material if there is a reasonable probability that, if the evidence had been disclosed, the result of the proceeding would have been different." <u>Wilson</u>, at 665. "A 'reasonable probability' of a different result is . . shown when the government's evidentiary suppression 'undermines confidence in the outcome of the trial.'" <u>Kyles v. Whitley</u>, 514 U.S. 419, 434 (1995).

32. Petitioner avers that she is entitled to relief from her conviction because of the cumulative effects of the <u>Brady</u> violations in this case.

33. "[T]he materiality of withheld evidence must be considered collectively, not item by item." <u>Dennis v. Sec'y, Pennsylvania Dep't of Corr.</u>, 834 F.3d 263, 312 (3d Cir. 2016)(quoting <u>Kyles</u>, at 436). Individual items of suppressed evidence may not be material on their own, but may, in the aggregate, "undermine confidence in the outcome of the trial." <u>Bagley</u>, at 678.

34. As such, Petitioner requests the opportunity to present these claims (and those previously filed) during an evidentiary hearing before the Court.

35. On January 5, 2024, after having discussed this Amended Petition with counsel, Petitioner filed an amended PCRA petition in state court.

36. The state court docket does not reflect a date for a hearing on Petitioner's most recent state court filing.

37. Petitioner respectfully requests a stay on this habeas corpus amended petition and case while Petitioner exhausts her state and federal claims in the Court of Common Pleas of Philadelphia.

38. Petitioner requests leave to amend and/or supplement this Motion as further information is discovered.

WHEREFORE, the defendant respectfully requests this Honorable Court to Grant Petitioner's Motion to Amend Petitioner's previously filed §2245 Petition to include the claims above and stay this case until the state and federal claims are exhausted in state court.

                                                              Respectfully submitted,

                                                              *Maureen Coggins*
                                                              Maureen Coggins, Esquire
                                                              Attorney for defendant
                                                              Attorney I.D. No.: 67126
                                                              509 Swede Street
                                                              Norristown, PA 19401
                                                               (610) 721-2725

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Petitioner's Motion to Amend Petitioner's previously filed §2245 Petition was served this 23rd day of February 2024, via ECF, upon the following:

Katherine Ernst
Assistant District Attorney
Federal Litigation Unit
Philadelphia District Attorney's Office
Philadelphia, PA

*Maureen Coggins*
_____
MAUREEN COGGINS
Attorney for Petitioner